IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT J. MYERS,** : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No. 2:24-cv-5547-JDW |
| : | |
| **HONORABLE DANIEL J. SULMAN,** *et al.* : | |
| **Defendants.** : | |

## MEMORANDUM

Robert J. Myers asserts civil rights claims arising out of custody disputes that he had. He has sued judges, an assistant district attorney, a child support hearing officer, two attorneys involved in his child support case, and the mother of his child. As a matter of law, he cannot pursue any of those claims, so I will dismiss them with prejudice.

## I.   FACTUAL ALLEGATIONS

Mr. Myers stream of consciousness-type allegations are not easy to understand. He claims that he has been deprived of his free speech and equal protection rights in connection with state child custody and support proceedings through lies and falsified documents. He asserts Michael J. Pandolfi, a Support Hearing Officer, "sides with my child mother about everything."[1] (ECF No. 2 at 7.) Assistant District Attorney Brian Carberry allegedly filed a "petition for modification" in state court, but Mr. Myers does not provide details about this act. (*Id.*) At a hearing before a child support enforcement agency, which

---

[1] The docket for this case includes in the list of defendants both "Support Hearing Officer" and "Michael J. Pandolfi." It appears that these are the same person.

may have occurred on December 18, 2017, or April 17, 2017, Mr. Myers argued with an unidentified woman who refused to provide her name and who told his child's mother, Deanna Crummy, that she should report him to a credit bureau. He claims Ms. Crummy, "was found guilty" by Judge Daniel Sulman of the Court of Common Pleas, but he claims that Judge Sulman "took sides and [did] not give me the equal protection by law" when he was "forced in there [sic] program without knowing" and his rights were violated during hearings. (*Id.*) He also claims that his pay has been garnished, he has twice been evicted, and his car was repossessed.

During a hearing, Patricia A. Whitman, who appears to be an attorney involved in the case, attacked Mr. Myers "with words that … was mean and viciously said" and told him "no one will never [sic] give me custody of my child I should just die, and continued to send threats." (*Id.* at 8.) When Mr. Myers stood up during a hearing, Judge Sulman summoned a sheriff, and his attorney, David Garnes, did nothing. While Ms. Crummy was "found guilty" at a hearing, there was "never exchange of custody." (*Id.*) At the hearing, Judge Sulman told Mr. Garnes that Mr. Myers was not permitted to speak, allegedly violating his free speech and due process rights.

Mr. Myers also recounts a hearing that took place on October 15, 2024, three days before he filed this case. Before the hearing, he heard Mr. Carberry introduce himself to Ms. Crummy. Mr. Carberry submitted into evidence material that Ms. Crummy supplied to him, and Mr. Myers and Ms. Carberry had "words back and forth." (*Id.*) He complains about

unidentified City of Philadelphia employees who gave his paystubs to a child support agency in 2023 but refused to give him copies. He contends that he was "deprived of life in front of" Judge Elizabeth Jackson from 2013 to 2015. (*Id.*) He seeks a "transfer to new venue/jurisdiction" (*id.* at 2) and asks that the child support case be dismissed.

Mr. Myers attached to his Complaint court records from the Family Division of the Philadelphia Court of Common Pleas indicating that Ms. Crummy was held in contempt on July 29, 2019, and that the parties were granted shared custody of their child (*id.* at 15, 18, 24). A docket sheet indicates that Judges Jackson, Suliman, Christopher Mallios,[2] and Margaret Theresa Murphy presided over hearings in the case, as well as over domestic violence hearings.

## II.   STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must

---

[2] Judge Mallios's name is incorrectly spelled in the Complaint as "Mallion."

accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.   DISCUSSION

#### A.   *In Forma Pauperis*

Mr. Myers has filed the required forms demonstrating that he lacks the income or assets to pay the required filing fees. I will therefore grant him leave to proceed *in forma pauperis*.

#### B.   **Plausibility Of Claims**

Mr. Myers asserts constitutional claims. The vehicle by which a plaintiff may bring federal constitutional claims is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Mr. Myers's Complaint suffers from several defects that he cannot cure with an amended complaint, meaning that I must dismiss the case with prejudice. *First*, he names Judges Jackson, Sulman, Mallios, and Murphy as Defendants based upon their involvement as judges in his state court proceedings. But judges have absolute immunity

from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. See *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). "[W]here a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quote omitted). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt. See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The immunity applies when judges act in conspiracy with others. See *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). And, with limited exceptions, it applies to requests for damages and injunctive relief. *See* T *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*)

  In this case, the Judges took all the actions that Mr. Myers ascribes to them in cases in which they exercised jurisdiction as judges of the Court of Common Pleas, so they are absolutely immune, whether Mr. Myers seeks money damages or injunctive relief against them.

  *Second*, Mr. Myers' claims against Mr. Carberry cannot proceed because prosecutors have absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a

5

prosecution and ... presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, soliciting false testimony in grand jury and probable cause hearings, presenting a state's case at trial, and appearing before a judge to present evidence. *See id* at 431; *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992); *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). Mr. Myers names Mr. Carberry due to his representation of the Commonwealth during court proceedings, so his claims must be dismissed.

*Third*, child support agency staff attorneys and hearing officers like Mr. Pandolfi have quasi-judicial immunity for implementing and enforcing the child-support orders. *See Gallas*, 211 F.3d at 772); *see also Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 495 (3d Cir. 1997).

*Fourth*, Mr. Myers cannot pursue civil rights claims against Ms. Whitman and Mr. Garnes because "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).

*Fifth*, and finally, Mr. Myers's claims against Ms. Crummy fail because her status as an adverse witness does not make her into a state actor. *See e.g. Dennis*, 449 U.S. at 28; *Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir. 1988).

**IV.     CONCLUSION**

None of Mr. Myers's claims is plausible, and he cannot fix any of them via an amended pleading. If an amendment "would be inequitable or futile," I can deny leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) That's the case here, so I will not grant Mr. Myers leave to amend; I will instead dismiss the Complaint with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

November 1, 2024